U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

| | |
|---|---|
| CHAD CHYSNA | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| NORTH STAR LOCATION SERVICES, LLC | ) |
| | ) |
|     Defendant | ) |
| | ) |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND REQUEST FOR JURY TRIAL

### INTRODUCTION

1. North Star Location Services, LLC ("North Star"), the defendant, has repeatedly contacted the relatives of Chad Chysna and others to collect an alleged debt owed by Mr. Chysna. These contacts have caused Mr. Chysna humiliation and damages. He brings this lawsuit against North Star to prevent further contacts and to seek compensation for the damage caused by North Star.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this district is proper in that the defendant transacted business here and is based in Massachusetts, and in that the conduct complained of occurred in Massachusetts.

### PARTIES

4. Plaintiff Chad Chysna is a resident of Northborough, Massachusetts who received a communication from North Star which attempted to collect a debt.

5.     Defendant North Star, LLC, is a professional corporation engaged in the business of collecting debts in Massachusetts and other states with its principal place of business located at 4285 Genesee Street, Cheektowaga, New York 14225-1943.  North Star regularly collects, or attempts to collect, directly or indirectly, debts alleged to be owed or due another.

**FACTS**

6.     From November of 2008, through at least March of 2009, North Star attempted to collect a debt from Chad Chysna allegedly owed to Bank of America.

7.     North Star contacted Mr. Chysna at work over and over in its attempt to collect a debt.

8.     Mr. Chysna notified North Star that he was not permitted to receive these kinds of calls at work, but North Star continued to phone him at work to collect its debt

9.     During at least one of these conversations, Mr. Chysna was told by North Star that if he did not pay his debt, and was taken to court, he would lose his job because he was a police officer.

10.    North Star also contacted Mr. Chysna's dispatcher at work on at least one occasion and discussed the fact of Mr. Chysna's debt to the dispatcher.

11.    In January, 2009, North Star removed money from the bank account of Mr. Chysna and his wife, although any permission granted to remove money to settle the debt was withdrawn prior to the taking of the money.

12.    Some time between November of 2008 and March of 2009, Kevin Chysna received at least five phone calls from North Star concerning the debt of Chad Chysna, without Chad Chysna having given permission to North Star to make the calls.

13.    Kevin Chysna called North Star and told the company not to call him again, that he had a

private phone number and that he had nothing to do with the debt of Chad Chysna.

14.     After this phone call, North Star continued to call Kevin Chysna about the debt of Chad Chysna.

15.     North Star also contacted Lynda and Robert Chysna concerning the debt of Mr. Chysna on a number of occasions within the last year, without Chad Chysna having authorized North Star to have made the calls.

16.      As a result of the acts of North Star, Mr. Chysna suffered harm and damages, including emotional distress.

17.     North Star acted negligently, recklessly and/or intentionally, disregarding Mr. Chysna's rights.

18.     By the acts described above, North Star engaged in deceptive and unfair debt collection practices.

CLAIMS FOR RELIEF
VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

19.     Chad Chysna realleges Paragraphs 1 through 18.

20.     North Star communicated with third persons concerning the debt of Chad Chysna in violation of 15 U.S.C. § 1692c(b).

21.     North Star communicated with third persons and Chad Chysna at Mr. Chysna's place of employment when it knew or had reason to know that his employer prohibited Mr. Chysna from receiving such communications in violation of 15 U.S.C. § 1692c(a)(3).

22.     North Star engaged Mr. Chysna repeatedly in conversation and called him repeatedly to collect its debt in violation of 15 U.S.C. § 1692d (5);

23.     North Star unfairly and deceptively engaged in debt collection, including the threat that

the debt collection would result in the loss of Mr. Chysna's job, in violation of 15 U.S.C. § 1692e(10);

24.     North Star threatened to take action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e (5) by threatening court action resulting in the loss of Mr. Chysna's job;

## PRAYER FOR RELIEF

WHEREFORE, Chad Chysna requests that this court:

1.      Issue an injunction permanently restraining and enjoining the defendant from attempting to collect debts from Chad Chysna in a manner which violates 15 U.S.C. § 1692 *et. seq* .

2.      Declare that the actions of the defendant in this case violated 15 U.S.C. § 1692 *et. seq*.

3.      Award compensatory and statutory damages to Chad Chysna;

4.      Award costs and a reasonable attorney's fee to Chad Chysna; and

5.      Order such other relief as this court deems just.

## REQUEST FOR JURY TRIAL

The plaintiff requests a trial by jury on each issue so triable.

                                        CHAD CHYSNA
                                        By his attorney,

I hereby certify that a                 /s/ Joel Feldman
true copy of the above                  Joel Feldman
document was served upon                BBO # 552963
the attorney of record for              Heisler, Feldman, McCormick & Garrow, P.C.
each party by mail(by hand)             1145 Main Street, Suite 508
on  _____ .            Springfield  MA  01103
                                        (413)788-7988
 _____         (fax)(413)788-7996

Dated:_____

4